ISMAIL J. RAMSEY
United States Attorney
MATT PILE
Associate General Counsel
Office of Program Litigation – 7
Social Security Administration
TIMOTHY R. BOLIN, SBN 259511
Special Assistant United States Attorney
    Social Security Administration
    Office of the General Counsel
    Office of Program Litigation – 7
    6401 Security Blvd
    Baltimore, MD 21235
    Telephone: 510-970-4806
    Facsimile: 415-744-0134
    E-mail: timothy.bolin@ssa.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE PALAFOX,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case no. 4:20-cv-07944-HSG<br><br>JOINT STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d); ORDER |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of $7,500 (SEVEN THOUSAND FIVE HUNDRED dollars) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

Joint Stipulation for Attorney Fees, Case no. 4:20-cv-07944-HSG

2

1   After the Court issues an order for EAJA fees to Plaintiff, the government will consider
2   the matter of Plaintiff's assignment of EAJA fees to counsel, if any. Pursuant to *Astrue v. Ratliff*,
3   560 U.S. 586, 598 (2010), the ability to honor any assignment will depend on whether the fees
4   are subject to any offset allowed under the United States Department of the Treasury's Offset
5   Program. After the order for EAJA fees is entered, the government will determine whether they
6   are subject to any offset.
7   Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines
8   that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees,
9   expenses, and costs to be made directly to counsel, pursuant to the assignment executed by
10  Plaintiff. Any payments made shall be delivered to counsel.
11  This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA
12  attorney fees, not an admission of liability on the part of Defendant, under the EAJA or
13  otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to,
14  any and all claims that Plaintiff and/or counsel, including counsel's firm, may have relating to
15  EAJA attorney fees in connection with this action.
16  /////
17  /////
18  /////
19  /////
20  /////
21  /////
22  /////
23  /////
24  /////
25  /////
26  /////
27  /////
28  /////

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Date: *November 15, 2023*

 */s/ Katherine Rose Siegfried*
KATHERINE ROSE SIEGFRIED
Attorney for Plaintiff

PHILLIP A. TALBERT
United States Attorney
PETER K. THOMPSON
Acting Regional Chief Counsel, Region IX
Social Security Administration

 */s/ Timothy R. Bolin*
TIMOTHY R. BOLIN
Special Assistant United States Attorney
Attorneys for Defendant

## ORDER

Pursuant to the foregoing stipulation, THE COURT ORDERS Defendant to award Plaintiff attorney fees and expenses in the amount of $7,500 (SEVEN THOUSAND FIVE HUNDRED dollars) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

Date:  11/16/2023

HON. HAYWOOD S. GILLIAM, JR.
United States District Judge